# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEROME PHILLIPS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:11CV631 FRB ) |
| DAVE DORMIRE, | ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief, as the grounds outlined in his petition are not cognizable under § 2254. As a result, the petition will be dismissed.

### The Petition and Procedural and Legislative History

Petitioner brings this petition seeking a "declaratory judgment" that a provision of a Missouri statute is unconstitutional as applied to him. Specifically, petitioner contends that for the purposes of calculating his mandatory minimum prison term under Mo.Rev.Stat. § 558.019, his life sentence should be calculated as thirty (30) years, not fifty (50) years. Petitioner contends that the Missouri Court of Appeals erred in a "factual determination" when it reversed an order from the Circuit Court of Cole County requiring the Department of Corrections to recalculate

his sentence. See Phillips v. Missouri Department of Corrections, 323 S.W.3d 790 (Mo. Ct. App. 2010).

On February 16, 1988, petitioner was convicted following guilty pleas as to a Class X offender of two counts of first degree assault, one count of unlawful use of a weapon, and one count of armed criminal action. Phillips was sentenced on the same date to life imprisonment on one of the first degree assault charges, to twenty years on the other first degree assault charge, to ten years on the unlawful use of a weapon charge, and to thirty years on the armed criminal action charge. It appears that all sentences were to run concurrently.[1]

At the time of petitioner's sentencing, § 558.019 prescribed the minimum prison term petitioner would be required to serve before he would be eligible for probation, parole, conditional release or other early release. According to § 558.019.2(3), a Class X offender had to serve eighty percent of his imposed sentence to be eligible for early release. Section 558.019.4(4) calculated a life sentence as fifty years. Thus, because petitioner was a Class X offender with a life sentence, he was required to serve forty years (eighty percent of fifty years) before he would be eligible for early release.

---

[1] At the time of petitioner's conviction, a Class X offender was defined by § 558.019(3) as "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times." (1986).

In 1994, the legislature changed the calculation of a life sentence from fifty years to thirty years. Mo.Rev.Stat. § 558.019.4(1) (1994). The amended statute also removed discussion of the "Class X offender" designation, and instead calculated a mandatory minimum term based upon the number of previous remands to the Department of Corrections for felonies. The amended statute also included a new subsection addressing the legislature's intent with respect to retrospective application of the statute. It provided that "[t]he provisions of this section shall apply only to offenses occurring on or after August 28, 1994."

In 2003, the statute was repealed in its entirety, and a new statute was enacted. The 2003 version left the calculation of a life sentence at thirty years. Mo.Rev.Stat. § 558.019.4(1) (2003). As it had in 1994, the legislature included a subsection expressing its intent with respect to retrospective application of the statute. Section 558.019.9 provides that "[t]he provisions of this section shall apply only to offenses occurring on or after August 28, 2003."

On February 25, 2009, petitioner filed a petition for declaratory judgment in the Circuit Court of Cole County seeking to have his eligibility for early release recalculated from a minimum prison term of forty years to a minimum prison term of twenty-four years (eighty percent of thirty years). Petitioner's request for relief relied on the 2003 version of the statute. The trial court granted petitioner's request

and ordered the Missouri Department of Corrections to recalculate petitioner's mandatory minimum as thirty years, rather than fifty. The Missouri Court of Appeals reversed, finding that the unambiguous expression of intent as to the lack of retroactivity of the statute precluded granting petitioner's application for a reduced prison term. In the instant action, petitioner maintains that "the State appellate court made an unreasonable factual determination, because statutes enacted after the convictions of Missouri prisoners have been applied retroactively."

## Discussion

Under 28 U.S.C. § 2254, a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). The instant petition, wherein petitioner seeks to overturn a state appellate court decision does not appear to state a constitutional issue cognizable in § 2254 proceedings.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 12 (1979). A state's parole statutes and regulations, however, may create a liberty interest that is

entitled to protection.  Id. at 12; Marshall v. Mitchell, 57 F.3d 671, 672 (8th Cir. 1995).  The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." Marshall, 57 F.3d at 672.  Additionally, the Missouri parole guidelines are not mandatory.  See 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines.").  So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition.  See also, Rentschler v. Nixon, 311 S.W.3d 783 (Mo. 2010); Charron v. Nixon, 318 S.W.3d 740, 744 (Mo.Ct.App. 2010); Spencer v. State, 2010 WL 5285359, *8-9 (Mo.Ct.App. December 28, 2010).

Nor do the consequences imposed on petitioner constitute additional punishment, such that it would be a violation of the ex post facto clause of the United States Constitution.  Petitioner's actual sentence has not been enhanced by the refusal of the legislature to apply the statute retroactively.  Rather, petitioner's sentence is the same today as it was when it was imposed in 1988.  As there was

entitled to protection.  Id. at 12; Marshall v. Mitchell, 57 F.3d 671, 672 (8th Cir. 1995).  The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." Marshall, 57 F.3d at 672.  Additionally, the Missouri parole guidelines are not mandatory.  See 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines.").  So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition.  See also, Rentschler v. Nixon, 311 S.W.3d 783 (Mo. 2010); Charron v. Nixon, 318 S.W.3d 740, 744 (Mo.Ct.App. 2010); Spencer v. State, 2010 WL 5285359, *8-9 (Mo.Ct.App. December 28, 2010).

Nor do the consequences imposed on petitioner constitute additional punishment, such that it would be a violation of the ex post facto clause of the United States Constitution.  Petitioner's actual sentence has not been enhanced by the refusal of the legislature to apply the statute retroactively.  Rather, petitioner's sentence is the same today as it was when it was imposed in 1988.  As there was

entitled to protection.  Id. at 12; Marshall v. Mitchell, 57 F.3d 671, 672 (8th Cir. 1995).  The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." Marshall, 57 F.3d at 672.  Additionally, the Missouri parole guidelines are not mandatory.  See 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines.").  So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition.  See also, Rentschler v. Nixon, 311 S.W.3d 783 (Mo. 2010); Charron v. Nixon, 318 S.W.3d 740, 744 (Mo.Ct.App. 2010); Spencer v. State, 2010 WL 5285359, *8-9 (Mo.Ct.App. December 28, 2010).

Nor do the consequences imposed on petitioner constitute additional punishment, such that it would be a violation of the ex post facto clause of the United States Constitution.  Petitioner's actual sentence has not been enhanced by the refusal of the legislature to apply the statute retroactively.  Rather, petitioner's sentence is the same today as it was when it was imposed in 1988.  As there was

nothing in the amended statute that actually increased his sentence, it cannot constitute additional punishment such that the ex post facto clause would be implicated.

## Conclusion

For these reasons, petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Additionally, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. In consequence, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>23rd</u> day of May, 2011.

                                                 /s/ Jean C. Hamilton
                                                 JEAN C. HAMILTON
                                                 UNITED STATES DISTRICT JUDGE